UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 2:23-CR-014-PPS-JPK |
| KENNETH SUTTON, | ) ) ) |
| Defendant. | ) ) |

## **OPINION AND ORDER**

Defendant Kenneth Sutton was indicted on four charges of possessing firearms and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [DE 14.] Trial in this matter is presently set for December 11, 2023. [DE 33.] Sutton has filed a motion to dismiss the charges because the Second Amendment to the United States Constitution, as recently construed by the Supreme Court in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), protects his right to possess a firearm and the statute is unconstitutional as applied to his case. [DE 34.] The government has responded to the motion [DE 35], and the time for Sutton's reply has expired, so the motion is ripe for ruling.

In a series of recent decisions, the Supreme Court has expounded upon the individual right to keep and bear arms guaranteed by the Second Amendment. *See Bruen*, 142 S. Ct. at 2122; *McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (2010); *District of Columbia v. Heller*, 554 U.S. 570 (2008). In so doing, the Court has repeatedly underscored that the Second Amendment protects the rights of "ordinary, law-abiding" citizens to

keep and bear arms, and that its articulation of the rights guaranteed by the Second Amendment should not be construed to cast any doubt on "prohibitions on the possession of firearms by felons and the mentally ill." *Bruen*, 142 S. Ct. at 2122; *McDonald*, 561 U.S. at 786 (quoting *Heller*, 554 U.S. at 626–27). Simply put, because under the present state of the law, the Second Amendment does not protect the right of felons to possess firearms, Sutton's motion must be denied.

## Discussion

A defendant may move before trial to dismiss an indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B). Such a motion can be made on the basis that the charged offense is based on an unconstitutional statute. *See United States v. Holden*, 2022 WL 17103509, at *2 (N.D. Ind. Oct. 31, 2022) (internal citations omitted). That is the basis upon which Sutton seeks dismissal of the indictment in this case. According to Sutton, the indictment must dismissed because the statutory prohibition on convicted felons possessing firearms violates his Second Amendment right to keep and bear arms.

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. Amend. II. In *District of Columbia v. Heller*, the Supreme Court identified the "core" of the Second Amendment as: "the right of *law-abiding, responsible citizens* to use arms in defense of hearth and home." *Kanter v. Barr*, 919 F.3d 437, 441 (7th Cir. 2019) (emphasis added) (quoting *Heller*, 554 U.S. at 634–35), *abrogated by Bruen*, 142 S. Ct. 2111 (2022). The Court in *Heller* made clear that "the right secured by the Second

2

Amendment is not unlimited." 554 U.S. at 626. Indeed, the Supreme Court emphasized that "nothing in our opinion should be taken to cast doubt on . . . laws imposing conditions and qualifications on commercial sale of arms." *Id*. at 626–27. To punctuate the point, the Court went on to even say that these kinds of restrictions on the commercial sale of firearms are "presumptively lawful." *Id*. at 627 n.26. A few years later, a plurality of the Court in *McDonald v. City of Chicago* repeated its assurances that *Heller* "did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons." 561 U.S. at 768.

After *Heller*, the Seventh Circuit advanced a two-step test for looking at Second Amendment challenges. *Kanter*, 919 F.3d at 441. The threshold question in this framework was "whether the regulated activity falls within the scope of the Second Amendment." *Id.* (quoting *Ezell v. City of Chicago*, 846 F.3d 888, 892 (7th Cir. 2017)). Then, "if the historical evidence is inconclusive or suggests that the regulated activity is not categorically unprotected," courts conducted "a second inquiry into the strength of the government's justification for restricting or regulating the exercise of Second Amendment rights." *Id.*

However, in *Bruen*, the Supreme Court held that the two-step approach was "one step too many." *Bruen*, 142 S. Ct. at 2127. *Bruen* involved a New York law making it a crime to possess a firearm without a license, both inside and outside the home. A person could obtain a license for a firearm, but they had to demonstrate a specific need for self-defense. The Court held the Second Amendment protects an individual's right to carry a

3

handgun for self-defense both in the home and outside of the home, and that New York's licensing plan violated the Constitution. When evaluating whether a regulation on Second Amendment rights is constitutional, *Bruen* instructs the courts to use the following standard:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.  The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.  Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

*Id.* at 2129–30.

Sutton asserts that § 922(g)(1) does not pass either prong of *Bruen* test. First, he argues that his conduct, being a felon in possession of a firearm, is covered by the plain text of the Second Amendment. Second, he argues that the government cannot demonstrate that § 922(g)(1) is consistent with historical firearm regulation in the United States and shares no historical legal analogue. [DE 34 at 3.] As tempting as it is to pore over colonial era gun laws and muse on whether they are an adequate proxy to § 922(g)(1), in this case doing so would take the analysis a step too far. As the government points out in its brief [DE 35 at 6–9], the Supreme Court has stated that restrictions on felons possessing firearms are permissible. Nothing in *Bruen* indicates the Court intended to change its view on the matter.

*Bruen*, in no uncertain terms, reaffirmed the Second and Fourteenth Amendment right of an "ordinary, *law-abiding citizen* to possess a handgun in the home for

4

self-protection" recognized in *Heller* and *McDonald*. 142 S. Ct. at 2122 (emphasis added). This notion is reiterated *twice* in the two opening sentences of the decision and in over a dozen other instances in the majority opinion, including the final paragraph summarizing the Court's holding. *Id.* at 2125–26 ("New York's proper-cause requirement violates the [Constitution] in that it prevents *law-abiding citizens* with ordinary self-defense needs from exercising their right to keep and bear arms." (emphasis added)). Justices Alito and Kavanaugh, in concurring opinions, mirrored this language in striking down New York's licensing plan. *Id.* at 2159 (Alito, J., concurring) ("All we decide in this case is that the Second Amendment protects the right of law-abiding people to carry a gun outside the home for self-defense."); *id.* at 2162 (Kavanaugh, J., concurring) ("Nothing in [*Bruen*] should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." (quoting *Heller*, 554 U.S. at 626–27)).

My conclusion that the Second Amendment does not protect the right of felons to possess firearms in light of the *Bruen* line of decisions is reinforced by the persuasive weight of lower court authority finding § 922(g)(1) constitutional under similar reasoning. *See, e.g.*, *United States v. Braster*, 2023 WL 2346282, at *2 (N.D. Ind. Mar. 2, 2023); *United States v. Price*, 2023 WL 1970251 (N.D. Ill. Feb. 13, 2023); *United States v. Garrett*, 2023 WL 157961 (N.D. Ill. Jan. 11, 2023); *United States v. King*, 2022 WL 5240928 (S.D.N.Y. Oct. 6, 2022); *United States v. Charles*, 2022 WL 4913900 (W.D. Tex. Oct. 3, 2022); *United States v. Siddoway*, 2022 WL 4482739 (D. Idaho Sept. 27, 2022); *United States v.*

*Collette*, 2022 WL 4476790 (W.D. Tex. Sept. 25, 2022); *United States v. Coombes*, 2022 WL 4367056 (N.D. Okla. Sept. 21, 2022); *United States v. Hill*, 2022 WL 4361917 (S.D. Cal. Sept. 20, 2022); *United States v. Cockerham*, 2022 WL 4229314 (S.D. Miss. Sept. 13, 2022); *United States v. Jackson*, 2022 WL 4226229 (D. Minn. Sept. 13, 2022); *United States v. Burrell*, 2022 WL 4096865 (E.D. Mich. Sept. 7, 2022); *United States v. Ingram*, 2022 WL 3691350 (D.S.C. Aug. 25, 2022).

Sutton urges me to conclude that the Court's repeated statements emphasizing the rights of "law-abiding, responsible" citizens to possess firearms does not limit the scope of the Second Amendment, as applied to his case, because "the people" protected by its text include convicted felons. [*See* DE 4–5.] Sutton points to a statements in *Bruen* and *Heller* suggesting the scope of the Second Amendment is broader and covers "all Americans," which implicitly includes any American previously convicted of a felony offense. 142 S. Ct. at 2156; 554 U.S. at 518. For the reasons previously addressed, I disagree.

These statements cannot be plucked piecemeal from the decision and deemed controlling in isolation. To so conclude would ignore both the distinct contexts in which the Court analyzed the scope of Second Amendment protections in *Bruen* and *Heller*, as well as its repeated statements reaffirming that the Second Amendment protects law abiding, responsible citizens. *Bruen* was a challenge brought by a "*law-abiding*, adult" New York residents who applied for licenses to carry handguns in public and were denied because they failed to satisfy the state's proper cause requirement. 142 S. Ct. at

2125. *Heller*, similarly, involved a D.C. special policeman's challenge to the District's bar on handgun registration. The Court noted that the petitioner was authorized to carry a handgun while on duty and, in striking down the law, held that the Second Amendment "elevates above all other interests the right of *law-abiding, responsible* citizens to use arms in defense of hearth and home." 554 U.S. at 635. It is a far cry to say that, in such distinct contexts, the Court intended to more broadly hold that convicted felons' possession of firearms and ammunition is covered by the text of the Second Amendment. And, notably, Sutton's motion fails to identify any Second Amendment cases preceding the *Heller* line of decisions in which the Court clearly held that convicted felons' possession of firearms is presumptively covered by the text of the Second Amendment.

Given my conclusion that, in light of *Bruen*, the Second Amendment does not protect the rights of convicted felons to possess firearms, I decline to evaluate whether felon-in-possession statutes have sufficient grounding in the nation's historical tradition of firearm regulation to pass muster under the second prong of the *Bruen* framework.

**ACCORDINGLY:**

Defendant Kenneth Sutton's Motion to Withdraw Plea and Dismiss the Indictment on Second Amendment Grounds [DE 34] is **DENIED**.

**SO ORDERED**.

ENTERED: August 29, 2023.

                                               /s/ Philip P. Simon
                                               PHILIP P. SIMON, JUDGE
                                               UNITED STATES DISTRICT COURT